**Estate of TUINANAU FUIMAONO, Deceased**

High Court of American Samoa
Trial Division

PR No. 13-86
PR No. 23-86

November 10, 1992

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, BETHAM, Associate Judge.

33

Counsel: For Co-Administrator Sapati Fuimaono, Charles V. Ala'ilima
 For Co-Administrator Ato Fuimaono, Gata E. Gurr

Amendment to Order Determining Heirship and for Further Proceedings:

On August 17, 1992, following the hearing on July 23, 1992, on the respective motions for reconsideration or new trial by co-administrators Sapati Fuimaono ("Sapati") and Ato Fuimaono ("Ato"), the court ordered a further evidentiary hearing on two fact issues: (1) Ato's biological parentage and (2) the existence of any ceremonial marriage between Fa'alua Fuimaono ("Fa'alua") and the decedent, Tuinanau Fuimaono ("Tuinanau"). This hearing took place on September 10, 1992. The court, having considered the evidence presented at this hearing, amends the Order Determining Heirship and for Further Proceedings, entered on June 25, 1992, by deleting paragraphs B.5 and B.6 of the Findings of Fact and paragraph 5 of the Conclusions of Law and Orders in their entirety and substituting the following.

## AMENDMENTS TO FINDINGS OF FACT

"5. Ato is Fa'alua's natural son, but he is not Tuinanau's natural son. He is almost 46 years old. From his infancy until Tuinanau's death, Ato was nurtured and reared by, and lived with, Tuinanau and his mother as their genuine son. Both Tuinanau and Fa'alua publicly acknowledged Ato as their child. This recognition extended to legal documents, expressly in Tuinanau's power of attorney to Ato in 1983, and implicitly in deeds of land executed in 1976 and 1978 and witnessed by Sapati and Ato. The Fuimaono family essentially accepted the practical, day-to-day, father-son relationship between Tuinanau and Ato.

When a decedent performs parental duties towards a child in his or her household and that child performs filial obligations in return, as has occurred in this *de facto* family, the child's right to inherit from the decedent should be recognized. This just result is commonly referred to as "equitable," "virtual," or "*de facto*" adoption for inheritance purposes. *See* Annotation, *Adoption by Estoppel*, 97 A.L.R.3d 347, 353-55, 359-65 (1991). While the principle usually is couched in contract terms requiring a finding of an express or implied agreement to adopt supported by consideration to sustain enforcement by specific performance or estoppel, this fiction is by no means universally applied to reach a proper

34

result. An equitable adoption may be found when a child "has stood from an age of tender years in a position *exactly* equivalent to a formally adopted child." *Wheeling Dollar Savings & Trust Co. v. Singer*, 250 S.E.2d 369, 373-74 (W. Va. 1979) (emphasis in original); *see* H. Clark, *Law of Domestic Relations* § 18.8 (1968). We will follow the *Wheeling* principle, when necessary and appropriate, to recognize *de facto* adoptive relationships for inheritance purposes.

The evidence in this proceeding is, in our view, more than sufficient to infer that Tuinanau intended Ato to become and be his adopted son. In any event, the circumstances of the relationship between Tuinanau and Ato justify finding an equitable adoption, with or without any express or implied contract to adopt.

6. We find that Ato is Tuinanau's equitably adopted son for inheritance purposes."

## AMENDMENT TO CONCLUSIONS OF LAW AND ORDERS

"5. In order to facilitate and assist in the preparation of these documents, the court is willing to schedule a hearing, at the request of either co-administrator's counsel, at which the co-administrators will be required to produce, and be ready to testify about, copies of the following records in the possession or either or both of them, or known to be in the possession of third persons and accessible to either co-administrator:

a. All records pertaining to all estate property at the date of Tuinanau's death and, in the case of land, before death.

b. All records pertaining to all transactions concerning estate property after the date of Tuinanau's death, including but not limited to all cash receipts and disbursements, and the validity and disposition of creditors' claims."

Except as amended herein, the original Order Determining Heirship and for Further Orders is reaffirmed and remains in full force and effect.

It is so ordered.